UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYATTA CURSEY,

    Plaintiff,

v.                                  Case No. 22-cv-0286-bhl

DAN CROMWELL,
MATTHEW EMBERTON,
BRIAN HAYES,
JAMES ERMERT,
KATHLEEN KALASHIAN, and
BRUCE SCHROEDER,

    Defendants.

# SCREENING ORDER

    Plaintiff Kenyatta Cursey, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cursey's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Cursey has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Cursey has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $13.43. Cursey's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Cursey sues Dan Cromwell (the warden of Redgranite Correctional Institution), Matthew Emberton (his probation and parole officer), Kathleen Kalashian (an administrative law judge), and Brian Hayes (the administrator of the Wisconsin Division of Hearings and Appeals (DHA)).[1] Cursey explains that his supervised release on two different cases was revoked. He asserts that he filed appeals following the re-confinement hearings, which were denied, and a writ of habeas corpus, which was dismissed. Cursey alleges that, per Wisconsin statutes, the Department of Corrections (DOC) and DHA lacked jurisdiction to revoke his extended supervision. He also asserts that there was insufficient evidence to support the revocation. Cursey seeks damages "for every day [he is] held in custody and will continue to be held in custody in future confinement . . . ." Dkt. No. 1.

## THE COURT'S ANALYSIS

Cursey's claims are foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* bars a plaintiff's suit under § 1983 where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (citations omitted). If Cursey were to prevail on his claim that DOC and DHA lacked jurisdiction to revoke his extended supervision or that there was insufficient evidence to support the revocations, it would necessarily imply the invalidity of the revocations. Because it is clear from Cursey's complaint that he has not overturned the revocations, his claims are barred by *Heck*

---

[1] The complaint also names Attorney James Ermert (who represented Cursey at his re-confinement hearings) and Judge Bruce Schroeder (who allegedly dismissed Cursey's writ of habeas corpus), but on March 23, 2022, Cursey filed a motion to dismiss them as Defendants. Dkt. No. 7. The Court will grant the motion.

and this action must be dismissed. *Id.* (citing *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000)).

**IT IS THEREFORE ORDERED** that Cursey's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Cursey's motion to dismiss James Ermert and Judge Bruce Schroeder (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice because Cursey's claims are barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the agency having custody of Cursey shall collect from his institution trust account the $336.57 balance of the filing fee by collecting monthly payments from Cursey's prison trust account in an amount equal to 20% of the preceding month's income credited to Cursey's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cursey is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cursey's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.